------------------------------x
                              :
DOMINION RESOURCES SERVICES,  :
INC., et al.                  :     Civ. No. 3:16CV00544(JCH)
                              :
v.                            :
                              :
ALSTOM POWER, INC.            :     July 31, 2017
                              :
------------------------------x

## RULING ON MOTION TO QUASH AND FOR A PROTECTIVE ORDER [Doc. #84]

Plaintiffs Dominion Resources, Inc., Dominion Energy, Inc., Dominion Generation Corporation, and Dominion Technical Solutions, Inc. (collectively referred to herein as "Dominion") have filed a motion to quash a subpoena and for a protective order. [Doc. #84]. Defendant Alstom Power, Inc. (referred to herein as "Alstom") has filed a memorandum in opposition. [Doc. #91]. For the reasons set forth below, the Court **GRANTS** Dominion's Motion to Quash, and **GRANTS, in part, and DENIES, in part**, Dominion's Motion for a Protective Order. [Doc. #84].

## I.    LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

~ 1 ~

whether the burden or expense of the proposed discovery
outweighs its likely benefit. Information within this
scope of discovery need not be admissible in evidence to
be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears
the burden of showing why discovery should be denied." Cole v.
Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn.
2009).

Pursuant to Rule 26(c) of the Federal Rules of Civil
Procedure, "[t]he court may, for good cause, issue an order to
protect a party or person from annoyance, embarrassment,
oppression, or undue burden or expense, including ... forbidding
the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A).
"Rule 26(c) confers broad discretion on the trial court to
decide when a protective order is appropriate and what degree of
protection is required." Seattle Times Co. v. Rhinehart, 467
U.S. 20, 36 (1984).

A court "must quash or modify a subpoena that ... requires
disclosure of privileged or other protected matter, if no
exception or waiver applies; or ... subjects a person to undue
burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "The burden of
persuasion in a motion to quash a subpoena is borne by the
movant." Travelers Indem. Co. v. Metro. Life Ins. Co., 228
F.R.D. 111, 113 (D. Conn. 2005) (citations omitted); see also
Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)

("Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause.").

## II. DISCUSSION

On May 3, 2017, Alstom served a subpoena at the office of Dominion's lead counsel, Attorney Anthony Mirenda, commanding him to testify at a deposition on June 6, 2017. See Doc. #86-3 at 1. Dominion requested additional information regarding the topics upon which Alstom sought to depose Attorney Mirenda, and Alstom responded as follows:

> For example, we would ask Mr. Mirenda questions at his deposition about the intent of the language that he used in his September 2009 notice of claims, [and] whether there were any verbal communications with Alstom regarding the terms of this notice[;] the intent of the language used in the December 2009 Tolling Agreement, [and] whether there were any verbal communications with Alstom regarding the terms of the Tolling Agreement[;] The intent of the language used in the February 2015 [Memoranda of Understanding ("MOUs")], [and] whether there were any verbal communications with Alstom regarding the terms of these MOUs[;] and the terms of Mr. Mirenda's firm's retention to pursue these claims against Alstom on behalf of Dominion or Aegis, including the date on which the retention agreement was confirmed and the payment terms of the agreement (i.e., whether hourly rate or contingency and payment of litigation expenses).

Doc. #86-2 at 1.[1]

---

[1] Alstom's opposition to Dominion's motion suggests that Alstom now seeks to explore a broader scope of information during the deposition. See Doc. #91 at 9-10. Alstom states that such information "includes, but is not limited to" knowledge regarding the above topics, and also includes communications with "other third parties." Id. The Court will rely on, and limit the request to, the subjects addressed in the written

Thereafter, Dominion timely moved to quash the subpoena, and has requested that the Court enter a protective order precluding Alstom "from obtaining discovery on the subjects sought to be covered in the deposition of Attorney Mirenda." Doc. #84-1 at 1. Dominion argues that good cause exists for a protective order, because (1) the information sought is not relevant to the claims, and (2) depositions of opposing counsel are disfavored. See Doc. #84 at 2. Dominion specifically argues that Alstom has not established a need to depose Attorney Mirenda; a deposition risks invading the attorney-client privilege and work product protection; and the information Alstom seeks is either already in its possession or readily available from other sources. See Doc. #85 at 4. Alstom opposes Dominion's motion, arguing, inter alia, that the information sought is relevant and discoverable; the deposition is the most "expedient" and "only realistically available approach" for discovering the information; and the prior production of documents does not foreclose the need to depose Attorney Mirenda. Doc. #91 at 26.

While "depositions of opposing counsel are disfavored," United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d

---

correspondence from counsel for Alstom to counsel for Dominion that is attached to Dominion's motion, as Dominion's motion is premised upon that prior representation by counsel. See Doc. #86-2 at 1; see generally Docs. ##84, 85.

Cir. 1991), "the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71 (2d Cir. 2003) (citation omitted). Thus, in determining whether a deposition of opposing counsel is appropriate, the Court takes a "flexible approach" and considers several factors, including "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." Id., 350 F.3d at 72. Consideration of these factors, and any other relevant facts and circumstances, assists the Court in determining "whether the proposed deposition would entail an inappropriate burden or hardship." Id. Further, "[t]hese factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition." Id.

The topics of inquiry Alstom seeks to pursue can be divided into two general categories: (1) information regarding the notice of claims, tolling agreement, and MOUs, (hereinafter, collectively, "the Documents") and (2) information regarding the retention of Attorney Mirenda's firm. The Court analyzes these

two categories of inquiry separately, by applying the Friedman factors to each.

## A. Notice of Claims, Tolling Agreement, and MOUs ("the Documents")

In its email clarifying its request to depose Attorney Mirenda regarding the Documents, Alstom stated that it sought two types of information: (1) "the intent of the language" used, and (2) "whether there were any verbal communications with Alstom regarding the terms" of each document. Doc. #86-2 at 1. The analysis of the Friedman factors differs slightly as applied to these two categories of information, in particular, as to the question of the risk of raising privilege issues. However, the Court will address them generally together.

### 1. *Need to Depose*

Dominion argues that Alstom has no need for a deposition of Attorney Mirenda, because the topics upon which his testimony is sought are not relevant to the resolution of any claim or defense in the matter. See Doc. #85 at 7-8. Dominion argues that the Documents speak for themselves, and therefore extrinsic evidence as to intent is inadmissible and not relevant.[2] See id. at 8-13.

---

[2] Dominion also asserts that any communications regarding the terms of the MOUs are protected as confidential under chapter 233, section 23C of the Massachusetts General Laws. See Doc. #85 at 12. Alstom disagrees. There has been no assertion of privilege in regards to any particular communication pursuant to this statute. Accordingly, this issue is not before the Court.

In opposition, Alstom argues that it is necessary to depose Attorney Mirenda to obtain his personal knowledge of the intent behind the terms of the Documents. See Doc. #91 at 14. Alstom claims that Attorney Mirenda has "vital information regarding communications he had with the parties at that time, as well as the facts and circumstances leading to the creation of those documents." Id. at 15. As to the Notice of Claims, Alstom argues that Dominion's attempt to seek the costs of defense for the underlying litigation from Alstom, "in contravention of the plain language" in the Notice, makes the information sought discoverable in this action. Doc. #91 at 19. As to the Tolling Agreement and MOUs, Alstom argues that extrinsic evidence regarding intent is required because Dominion's interpretation of those documents contradicts their plain, unambiguous language. See id. at 21-22.

In considering the first Friedman factor, "need to depose," the relevance of the information sought is a threshold inquiry; it can hardly be necessary to depose an attorney regarding matters that are not relevant. The Court agrees with Alstom that the discovery sought regarding the Documents is relevant. That, however, does not end the Court's inquiry as to "need."[3]

---

[3] A great deal of the briefing of this factor on both sides is devoted to the parties' interpretations of the contractual language at issue. Each party asserts that the language unambiguously supports its own interpretation. Dominion argues

The question is whether a deposition of Attorney Mirenda is necessary, under the circumstances, to obtain the information sought. As Dominion points out, "copies of communications, including email and paper correspondence, between counsel for Dominion and counsel for Alstom concerning the negotiation of the Tolling Agreement, the negotiation of the MOUs (as defined by Alstom), and the negotiation of the Settlement Agreements" have been disclosed by Dominion. See Doc. #85 at 15; see also Doc. #82 (Transcript of April 12, 2017, Hearing before Chief Judge Janet C. Hall) at 43 (ordering production of any written communications between Dominion and Alstom regarding, inter

---

that because the language is unambiguous, extrinsic evidence of its meaning is not permitted. See, e.g., Doc. #85 at 11. While also maintaining that the language is unambiguous, Alstom claims that extrinsic evidence of intent is necessary because Dominion has adopted a different interpretation of the plain language, thereby putting the intent of the parties at issue. See, e.g., Doc. #91 at 18. At this stage, the Court need not determine whether extrinsic evidence of intent will be admissible, because the question at the discovery phase is whether evidence is relevant, not whether it is admissible. See Thompson v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 3:14CV00259(WWE), 2015 WL 753721, at *4 (D. Conn. Feb. 23, 2015) ("[W]hether or not the contract is ambiguous is not the inquiry at the discovery stage. [Defendant] may be right that extrinsic evidence would be inadmissible at trial, but that is not the standard that the court uses to evaluate relevancy for discovery." (quotation marks and citations omitted)). Given the dispute between the parties regarding the meaning of the terms of the Documents, the Court finds that extrinsic evidence of the parties' intent is relevant. However, the Court makes no finding as to whether such evidence would be admissible.

*alia*, the Tolling Agreement, the MOUs and time bars). Thus, much of this information is already in Alstom's possession.

Dominion further argues that there is "no reason why Alstom cannot seek to first obtain this information from the myriad other lawyers involved in the [underlying litigation]." Doc. #85 at 14 n.7. Alstom submits that "no one [other than Attorney Mirenda] is in the position to testify regarding Dominion's contemporaneous understanding of what the language in those documents was intended to mean and what was verbally communicated to other entities at that time." Doc. #91 at 28. To the extent Alstom seeks information regarding verbal communications "with Alstom regarding the terms" of the Notice of Claims, the Tolling Agreement and the MOUs[,]" Doc. #86-2 at 1 (emphasis added), Alstom itself should have access to this information. Further, as Dominion contends, there is no support provided for the contention that Attorney Mirenda is the only individual that could provide the information Alstom seeks, and Alstom has not indicated that it has attempted to obtain this information by any other means. Cf. Calvin Klein Trademark Tr. v. Wachner, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000) (permitting the deposition of opposing counsel to go forward where, inter alia, the defendant "has made reasonable efforts to explore a reasonable number of these alternative sources and has not

obtained anything nearly as particularized as what the primary [plaintiff's] lawyer could reasonably be expected to offer.").

In light of the written communications previously produced, and the fact that Alstom was a party to the verbal communications sought, there does not appear to be a substantial need for Attorney Mirenda to testify regarding the Documents. Thus, this factor weighs against permitting the deposition of Attorney Mirenda to go forward.

### 2. *Lawyer's Role*

Next, the Court addresses the role Attorney Mirenda has in connection with the discovery sought and in relation to this litigation. See In re Friedman, 350 F.3d at 72. "The rationale for limiting depositions of attorneys ... is that depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., No. 97CV6124(JGK)(THK), 2000 WL 1253262, at *2 (S.D.N.Y. Sept. 1, 2000) (citations omitted). See also Calvin Klein Trademark Tr., 124 F. Supp. 2d at 211 (recognizing that the most important purpose of restricting access to depositions of attorneys is "to bar the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel"). "[C]oncerns with invading attorney work product and

disruption of litigation are most pronounced" where the attorney of whom the deposition is sought is trial counsel. U.S. Fid. & Guar. Co, 2000 WL 1253262, at *2 (citations omitted).

In support of its motion, Dominion states that Attorney Mirenda was acting as its counsel with respect to each of the proposed topics of deposition. See Doc. #85 at 14. Therefore, Dominion argues, any questioning as to Attorney Mirenda's intent would implicate privilege and work product issues, and would be disruptive to the progress of the case. See id. In response, Alstom argues that it is not seeking to depose Attorney Mirenda about the current litigation, and therefore the concerns raised by Dominion are not implicated here. See Doc. #91 at 25. Specifically, Alstom argues that the discovery will not lead to counsel's litigation strategy. See Doc. #91 at 3, 12. Alstom further contends that "[l]ittle doubt would exist that Mr. Mirenda would be a fact witness subject to deposition if Dominion had hired separate counsel to handle this indemnity action," id. at 15,[4] and that Dominion should not be permitted to

---

[4] In support of this argument, Alstom cites to three cases that it claims stand for the proposition that there is "little doubt" Attorney Mirenda would be subject to deposition in this litigation but for his current status as trial counsel. Doc. #91 at 15; 15 n.38. Those cases are inapposite here. In the matter of In re Bame, 251 B.R. 366, 371 n.2 (Bankr. D. Minn. 2000), the District of Minnesota Bankruptcy Court discussed, in a footnote, that prior counsel of a debtor could be deposed for information by a trustee where the debtor and trustee were not adverse parties, and therefore the three part test articulated by the Eighth Circuit in Shelton v. American Motors Corp., 805 F.2d

"deny Alstom discovery" by virtue of retaining the same attorney

to represent it in both the underlying and the current

litigation. Id. at 25.[5]

---

1323, 1327 (8th Cir. 1986) was inapplicable. See In re Bame, 251
B.R. at 371 n.2. The Court further found that since the debtor
had asserted his Fifth Amendment privilege with respect to the
information, it was not otherwise available. See id. Alstom also
cites to U.S. Fidelity & Guar. Co., 2000 WL 1253262, at *2. In
that case, after applying the Shelton factors, the court
permitted the depositions of prior counsel because, inter alia,
they acted as transactional counsel, not trial counsel; their
testimony would be relevant to plaintiff's claim of tortious
interference; the information sought had been shown to be non-
privileged; and there was a showing that the information could
not be obtained through other sources. See U.S. Fidelity & Guar.
Co., 2000 WL 1253262 at *3. Finally, in Nakash v. U.S. Dept. of
Justice, 128 F.R.D. 32, 35 (S.D.N.Y. 1989), plaintiff brought
the action against the Department of Justice under the Privacy
Act for improperly disclosing documents to attorneys that
represented a third party in a prior lawsuit. The court
determined that because the non-privileged actions of these
counsel were at issue in the pending lawsuit, and because they
were not opposing counsel in this matter, the Shelton factors
were not implicated. Each of these cases was decided before the
Second Circuit specifically stated that it declines to follow
the Eighth Circuit's ruling in Shelton, and instead articulated
a more "flexible approach to lawyer depositions[.]" In re
Friedman, 350 F.3d at 72. Moreover, there are different concerns
at issue here, where Attorney Mirenda has acted as lead counsel
for Dominion from "the day of the accident to the present." Doc.
#85 at 14. The Court is therefore not persuaded that Attorney
Mirenda would be treated simply as a fact witness were he not
representing Dominion in the instant litigation, and the cited
cases do not support such a conclusion.

[5] Alstom's contention that Dominion has deliberately attempted to
shield certain information by retaining Attorney Mirenda to
represent it in the current case is both conclusory and far-
fetched. Even if it were true, it would not be dispositive of
the Court's decision.

There is no dispute that Attorney Mirenda was involved as trial counsel for Dominion in both the underlying litigation and the current one before the Court. Thus, there is a clear risk of disrupting the litigation and chilling the relationship between counsel and client, where Attorney Mirenda has been trial counsel for Dominion throughout. Cf. Calvin Klein Trademark Tr., 124 F. Supp. 2d at 211 (finding that a "chill in rendering litigation advice" would not be present where plaintiff is represented by different litigation counsel presently and the prior attorney's "role in the litigation has been peripheral at best").

The concerns raised by courts in considering the propriety of depositions of opposing counsel are certainly implicated here, based on Attorney Mirenda's role. Accordingly, Attorney Mirenda's role in the current litigation weighs strongly against subjecting him to a deposition.

### 3.    *Risk of Encountering Privilege Issues*

This Friedman factor is where the difference between the two types of information sought regarding the Documents becomes significant.

There is a substantial risk that a deposition of Attorney Mirenda could elicit privileged or work product protected information if he is asked about the "intent of the language" used in the Documents. Alstom argues that "fairness requires

that the privilege must give way to allow a party to investigate the facts underlying Plaintiffs' indemnity claim and to mount a defense" and that "Dominion cannot merely assert a blanket privilege." Doc. #91 at 26. This misstates Dominion's argument; Dominion argues that privileged information would be at <u>risk</u> for disclosure were Attorney Mirenda be required to be deposed on his "intent" in his role as counsel for Dominion. <u>See</u> Doc. #85 at 14. The Court agrees, and finds that, given Attorney Mirenda's role in the current and prior litigation, "the risk of encountering privilege and work-product issues" weighs against permitting his deposition on issues of intent. <u>In re Friedman</u>, 350 F.3d at 72. <u>See</u> <u>Resqnet.Com, Inc. v. Lansa, Inc.</u>, No. 01CV3578(RWS), 2004 WL 1627170, at *6 (S.D.N.Y. July 21, 2004) ("[Defendant] has specifically indicated that it is not seeking privileged information from [plaintiff's trial counsel]. Nonetheless, given the topical areas [defendant] has identified for the deposition, the risk that privilege and attorney work-product issues might arise were [plaintiff counsel's] deposition to go forward is not negligible.").

In essence, Alstom seeks to ask Attorney Mirenda what he set out to do on behalf of his clients when considering the Documents. Inquiry into Attorney Mirenda's intent will almost certainly implicate issues of strategy and specific client instructions or communications. Accordingly, as to the inquiry

regarding "intent," this <u>Friedman</u> factor weighs strongly against the deposition.

The inquiry is different as to questions regarding "verbal communications with Alstom" about the Documents. <u>Written</u> communications between Dominion and Alstom regarding these topics have previously been ordered produced. <u>See</u> Doc. #82 at 43 ("[C]ommunications between Alstom and Dominion on the four topics ... which are Alliance Agreement, Tolling Agreement, regarding time bars, the MOU settlement agreements and the AEGIS policy. Any communications about those subjects between Dominion and Alstom are ordered to be produced."). The Court's prior order on that point reveals that the Court has already found these materials to be discoverable.

The attorney-client "privilege applies only to matters discussed between the attorney and his client which are confidential in nature, and not to matters known to third persons[.]" <u>Refuse & Envtl. Sys., Inc. v. Indus. Servs. of Am.</u>, 120 F.R.D. 8, 11 (D. Mass. 1988) (applying Massachusetts law) (internal quotation marks and citation omitted). <u>See also</u> <u>United States v. United Techs. Corp.</u>, 979 F. Supp. 108, 111 (D. Conn. 1997) ("Once a privileged communication has been disclosed purposely to a third party, the attorney-client privilege is waived, unless the disclosed material falls under the common

interest rule."[6] (applying federal law)); <u>Commw. v. Edwards</u>, 370 S.E.2d 296, 301 (Va. 1988) ("When a client communicates information to his attorney with the understanding that the information will be revealed to others, the disclosure to others effectively waives the privilege not only to the transmitted data but also as to the details underlying that information." (applying Virginia law)).[7] Alstom explicitly seeks information regarding verbal communications by Dominion's counsel to Alstom – a third party in that context. Accordingly, the information would not be protected by the attorney-client privilege, as any privilege would be waived by the contemporaneous disclosure to Alstom.

### 4. *Prior Discovery*

Finally, the Court considers the extent of discovery that has been conducted in this matter. Dominion argues that it has already produced discovery regarding the Documents, and that the deposition of Attorney Mirenda should therefore not be permitted. <u>See</u> Doc. #85 at 15. Alstom argues that the prior discovery should not preclude additional discovery, and that Attorney Mirenda is the only individual who could provide

---

[6] No assertion has been made that the common interest rule applies to these communications.

[7] While various issues in this case may be governed by federal, Massachusetts, and Virginia law, all are consistent on this point.

information about "Dominion's contemporaneous understanding of what the language in those documents was intended to mean and what was verbally communicated to other entities at that time." Doc. #91 at 28.

That other discovery has been provided on these matters does not automatically <u>preclude</u> additional discovery in the form of a deposition. However, it does weigh against the deposition. A great deal of discovery has already been conducted in this matter, and the discovery deadline is rapidly approaching. <u>See</u> Doc. #96. Thus, this factor weighs against allowing for Attorney Mirenda to be deposed.

Upon consideration of all of the <u>Friedman</u> factors, and the circumstances of this case, the Court finds that Dominion has shown that permitting the deposition of Attorney Mirenda regarding the intent of the terms of the Documents would pose an undue hardship. The Court finds that Alstom is, however, entitled to discovery from Attorney Mirenda regarding verbal communications with Alstom about the Documents. Accordingly, as to these topics, the Court **GRANTS** Dominion's Motion to Quash and **GRANTS in part and DENIES in part** Dominion's Motion for a Protective Order.

### B. Retention

Alstom also seeks to depose Mr. Mirenda regarding

the terms of Mr. Mirenda's firm's retention to pursue these claims against Alstom on behalf of Dominion or

> Aegis, including the date on which the retention agreement was confirmed and the payment terms of the agreement (i.e., whether hourly rate or contingency and payment of litigation expenses).

Doc. #86-2 at 1.

Dominion asserts that Alstom has never previously requested this information, and that no specific reason has been articulated for its relevance. <u>See</u> Doc. #85 at 13. In response, Alstom asserts that this information is relevant to its counterclaim that Dominion breached the Alliance Agreement by failing to require its insurers to waive all rights against Alstom. <u>See</u> Doc. #91 at 24. Alstom's briefing on this point is both cursory and conclusory, and provides no basis for the Court to agree that the terms of Attorney Mirenda's firm's retention and any fee agreement it has with Dominion are relevant to Alstom's counterclaim. Thus, there is no "need to depose" Attorney Mirenda regarding the terms of his firm's retention, under the first <u>Friedman</u> factor. <u>In re Friedman</u>, 350 F.3d at 72.

It is undisputed that Attorney Mirenda's involvement in this matter was and is as trial counsel for Dominion in both the underlying litigation and the instant case. One of the primary reasons that depositions of trial counsel are limited by the courts is "to bar the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel[.]" <u>Calvin Klein Trademark Tr.</u>, 124 F. Supp. 2d at 211. Here, particularly where the discovery sought goes to

~ 18 ~

the heart of the relationship between Attorney Mirenda and Dominion, there is a significant risk of disrupting the litigation and chilling the relationship between counsel and client. Accordingly, this _Friedman_ factor weighs strongly against permitting the deposition. Similarly, the nature of the inquiry into the retention of Attorney Mirenda's firm, and its relationship with Dominion, presents a significant "risk of encountering privilege and work-product issues[.]" _In re Friedman_, 350 F.3d at 72. This factor, too, weighs against permitting the deposition.

Finally, it does not appear that there has been any other discovery conducted on the issue of the firm's retention. None has been sought, according to the briefing before the Court. Alstom's lack of other efforts to obtain the information it claims to need, coupled with the apparent lack of relevance of this information, weighs against permitting the deposition.

In sum, the Court finds that it is not necessary or appropriate for Alstom to depose Attorney Mirenda regarding the retention of his firm by Dominion. Accordingly, as to this issue, the Motion to Quash is **GRANTED** and a protective order will enter.

### C. Alternative Means of Obtaining Discovery

The Court has determined that it is appropriate to permit Alstom to seek discovery about verbal communications with Alstom

regarding the Documents. Alstom seeks to depose Attorney Mirenda to obtain this discovery, but that is not the only available option. As the Second Circuit noted in Friedman, the Court may determine that interrogatories, rather than a deposition, should be the discovery method of first resort when the witness is an attorney. See In re Friedman, 350 F.3d at 72. Here, given the scope of the inquiry the Court has found appropriate, the role of Attorney Mirenda in this litigation, and the stage of the proceedings, the Court finds that it is appropriate for Alstom to proceed by written interrogatories to Attorney Mirenda, rather than by deposition.

## III. CONCLUSION

After considering the factors above, the Court concludes that a deposition of Attorney Mirenda would "entail an inappropriate burden or hardship." In re Friedman, 350 F.3d 65 at 72. Accordingly, the Court **GRANTS** Dominion's Motion to Quash the subpoena served on Attorney Mirenda. However, as the Court believes that some of the discovery sought by Alstom is relevant, and because Dominion has not shown good cause to prevent Alstom from obtaining said discovery, the Court **GRANTS, in part, and DENIES, in part**, Dominion's Motion for a Protective Order. Dominion's Motion for a Protective Order as to discovery from Attorney Mirenda of the terms of his firm's retention is hereby **GRANTED**. Likewise, Dominion's Motion for a Protective

Order is **GRANTED** as to discovery from Attorney Mirenda of the "intent of the language" in the Documents. The Motion for a Protective Order is **DENIED** as to discovery from Attorney Mirenda of verbal communications with Alstom regarding the Documents. Accordingly, **on or before August 10, 2017,** Alstom may serve Attorney Mirenda with interrogatories **limited to the issue of verbal communications with Alstom regarding the terms of the Notice of Claim, the MOUs and the Tolling Agreement**. See Doc. #86-2 at 1.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 31st day of July, 2017.

_____
/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE